IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. McCOLM, | No. 2:12-cv-1984-MCE-CMK |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| TRINITY COUNTY, et al., | |
| Defendants. | |
| _____ / | |

  Plaintiff, proceeding pro se, brings this civil action. Pending before the court is plaintiff's request for leave to proceed in forma pauperis (Doc. 2). Plaintiff's complaint, and service thereof by the United States Marshal if appropriate, will be addressed separately. The Clerk of the Court shall not issue summons or set this matter for an initial scheduling conference unless specifically directed by the court to do so.

  Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security therefor. Her request to proceed in forma pauperis will therefore be granted.

  Plaintiff has also filed a request for the appointment of counsel as well as an order staying these proceedings (Doc. 4). Plaintiff states that she is now having difficulty accessing a

1

law library and her files, presumably due to her recent incarceration.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). While plaintiff was not a prisoner at the time she initiated this action, she has informed the court she is now located at the Women's Facility in Chowchilla. Either way, however, a plaintiff in a civil case generally has no right to appointed counsel. See Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir. 1989); United States v. 30.64 Acres, 795 F.2d 796, 801 (9th Cir. 1986).

In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. First, the facts and law concerning plaintiff's claims are not overly complex. Second, the record demonstrates that plaintiff so far appears able to articulate her claims on her own as her pleadings are legible and articulate. Third, at this early state of the proceedings, the court cannot say that plaintiff has demonstrated any particular likelihood of success on the merits.

Similarly, plaintiff has provided no basis on which the court would be required to enter an order staying these proceedings. It appears that plaintiff's request is based solely on her recent incarceration. However, the court deals with cases filed and prosecuted by prisoners on a daily basis. Plaintiff's present incarceration is no basis for the court to stay these proceedings for an unknown amount of time, and the court is unwilling to enter an indefinite stay in this matter.

1 | Plaintiff also indicates that she has limited ability to communicate without the use of a computer.
2 | At present, there is no pending deadline for plaintiff to file any necessary documents. Once the
3 | court determines whether this action will proceed, and in what manner, plaintiff may be required
4 | to provide certain information to the court. If plaintiff determines she is unable to respond within
5 | the time provided by the court, she may request additional time in which to do so. Plaintiff is
6 | cautioned, however, that if she files such a request, she must inform the court as to the reason
7 | why she needs additional time and how much additional time she needs.

        Accordingly, IT IS HEREBY ORDERED that:

    1.     Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted;

    2.     Plaintiff's request for the appointment of counsel (Doc. 4) is denied; and

    3.     Plaintiff's request to stay these proceedings is denied.

DATED: March 26, 2014

        _____
        **CRAIG M. KELLISON**
        UNITED STATES MAGISTRATE JUDGE