IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. McCOLM, | No. 2:12-cv-1984-MCE-CMK |
| Plaintiff, | |
| vs. | ORDER |
| TRINITY COUNTY, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

**I. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

1

1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ."  Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

The Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995).  "[A] pro se litigant is not excused from knowing the most basic pleading requirements."  Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000).

In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." "  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007).   While "[s]pecific facts are not necessary; the statement [of facts] need . . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotes omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

/ / /

## II. BACKGROUND

Plaintiff brings this action against numerous defendants, including Trinity County, Trinity County Superior Court, various court employees and judicial officers, several individual deputy marshals for the court, the Trinity County Sheriff's Department and several individual deputies, the Trinity County District Attorney's Office as well as several individual deputy district attorneys, the Department of Health and Human Services and several employees thereof, the State of California, The California Highway Patrol and one CHP officer. Generally, plaintiff alleges she has been mistreated by the above defendants, apparently in relation to her activities in the Trinity County Court. She claims the judges and court employees harassed her, made it difficult to access the court including filing of documents, instigated charges being brought against her, and failed to accommodate her disabilities. The claims she alleges range from violations of her civil rights, violations of the American's with Disability Act, and numerous state law claims. Her requested relief includes declaratory and injunctive relief, building modifications, and damages.

## III. ANALYSIS

### A. Pleading Errors

Here, plaintiff's complaint suffers from numerous deficiencies. Overall, plaintiff's claims and allegations are too vague for the court to determine whether she is able to state a claim for relief. The court has an obligation to construe pro se pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). The claims the court has been able to decipher from the complaint are addressed below.

#### 1. Joinder of Claims

There are several seemingly unrelated claims raised in the compliant. Plaintiff's allegations range from mistreatment by the court staff and law enforcement, to violations of the

American's with Disabilities Act, and Age Discrimination in Employment. These various claims are not related and should be separated into different actions. While plaintiff may bring multiple claims against one defendant under Federal Rule of Civil Procedure 18(a), Rule 20(a)(2) circumscribes her ability to join multiple defendants to the same action. Under Rule 20(a)(2), a plaintiff may only sue multiple defendants in the same action if at least one claim against each defendant arises out of the same "transaction, occurrence, or series of transactions or occurrences" and there is a "question of law or fact common to all defendants." As discussed individually below, plaintiff's various claims appear to arise out of several "transactions or occurrences" and involve many different questions of law and fact. If any claims survive dismissal, plaintiff will be required to choose which claims she goes forward with in this action.

                2. Linkage

        To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

        In addition, supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the

1  violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can
2  be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct
3  because government officials, regardless of their title, can only be held liable under § 1983 for
4  his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 129
5  S.Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the
6  policy itself is a repudiation of constitutional rights and the moving force behind a constitutional
7  violation may, however, be liable even where such personnel do not overtly participate in the
8  offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948.

Plaintiff names several defendants in the title of her complaint and identifies them within the body of the complaint, but fails to allege any specific facts against them. In addition, it appears that some of the defendants identified are named solely in their supervisorial capacity not based on their individual actions, which fails to provide a basis for liability. If plaintiff files an amended complaint, as discussed below, she must specifically allege facts related to each and every one of the defendants, setting forth the basis for liability.

**B. Immunity**

1. Judicial Immunity

Several of the defendants named in the complaint are entitled to judicial immunity. Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988)

(per curiam).  This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.  See id.  Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process."  See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

Therefore, the judges and court employees named in the complaint are immune from this action, and must be dismissed.  There are no allegations in the complaint that any of these defendants are being named as defendants for acts outside of their employment position.  Even to the extent that plaintiff alleges the judges were acting outside their judicial functions, those allegations are belied by the other allegations in the complaint.  Plaintiff brings this action based on the way she was treated during the court proceedings, not for actions unrelated to the judges' position.  The allegations of bias, prejudice, and the like, all relate to the way she was treated by the judges and court employees in and out of court proceedings.

Accordingly, those defendants identified in the complaint as judges and/or court employees are entitled to judicial immunity and plaintiff cannot proceed in this action against them.

In addition, under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions. . ."  District courts have original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus.  That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty. . ." 28 U.S.C. § 1361 (emphasis added).  It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies.  See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991).  To the extent plaintiff is requesting this court

order the state court to issue a specific ruling or to complete some specific action, this court has no jurisdiction to do so under 28 U.S.C. § 1361.

### 2. Prosecutorial Immunity

Plaintiff also claims several deputy district attorneys brought baseless charges against her at the direction of the judges and court employees, thus committing prosecutorial misconduct. More specifically, plaintiff alleges the defendants filed questionable charges against her based on false and misleading allegations. It is unclear whether plaintiff was prosecuted on these charges, which would render this claim barred under Heck v. Humphrey, 512 U.S. 477, (1994). However, either way filing charges is a prosecutorial action which is entitled to immunity.

Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This immunity extends to actions during both the pre-trial and post-trial phases of a case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. See Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997).

To the extent plaintiff is attempting to challenge the charges brought against her or any conviction thereon, such a challenge sounds in habeas and is not cognizable under 42 U.S.C. § 1983, as the sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of a conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to

malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Edwards v. Balisok, 520 U.S. 641, 649 (1987); Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

### 3. Eleventh Amendment Immunity

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).

The Eleventh Amendment also bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment

does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacities. See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). The Eleventh Amendment also does not bar suits against cities and counties. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.54 (1978).

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). However, a local government unit may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Here, plaintiff names both the State of California and the California Highway Patrol. Both of these defendants would appear to be immune from this action under the Eleventh Amendment. Plaintiff also names Trinity County, the Trinity County Superior Court, the Trinity County Marshal's Department, the Trinity County Sheriff's Department, the Trinity County District Attorney's Office, and the Trinity County Department of Health and Human Services. However, plaintiff fails to allege any specific facts against these county agencies. A county agency is only liable for the actions of the agency itself, not the individual employees. Plaintiff

does not allege any specific policy or custom of any of these agencies nor any other basis for liability to apply.

### C. Claims

1. Eighth Amendment - Use of Excessive Force

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following

factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. See Hudson, 503 U.S. at 7-9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321-22.

Here, plaintiff appears to claim she suffered mistreatment while being held in the Trinity County Jail. Most of the mistreatment she complains about, however, appears to relate to being harassed, or general allegations of mistreatment without any specific facts as to who did what. While undoubtedly unpleasant, harassment does not generally rise to the level of an Eighth Amendment violation. She does allege one instance of being grabbed by one of the officers, but without more, it does not appear that this one instance would be sufficient either. However, it is possible that plaintiff can cure the lack of facts alleged in order to state a claim for use of excessive force. If she decides to include this claim in any amended complaint she files, plaintiff is informed that she is required to plead sufficient facts to show that she the use of force used against her was done not in a good-faith effort to maintain or restore discipline, but rather was done with the malicious and sadistic intent to cause her harm.

### 2. Fourteenth Amendment - Due Process

The Due Process Clause protects from the deprivation of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).

Here, it is unclear what process plaintiff claims she was due but did not receive. It appears that this claim is based on the Trinity County Court's failure to allow her access to files and to file documents. As discussed above, to the extent plaintiff is attempting to have this court direct the state court to perform some specific action, this court lacks jurisdiction to make such orders. It would appear possible that the state court issued some sort of vexation litigant order which can preclude an individual from filing documents without court approval. This court is empowered to issue such orders under 28 U.S.C. § 1651(a) so long as certain factors are met. See De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir.1990) (setting forth the four facts to be considered as (1) notice and an opportunity to be heard; (2) the creation of an adequate record; (3) findings of frivolousness or harassment; and (4) that the order be narrowly tailored to prevent the litigant's abusive behavior). If that is plaintiff's claim, she is simply in the wrong court to obtain the relief desired. However, as it is not clear what plaintiff's due process claim is based on, it is unclear to the court whether this claim is frivolous or if this court would have jurisdiction. Again, if plaintiff decides to include this claim in any amended complaint she decides to file, she is required to set forth specific facts identifying what liberty or property interest she claims she did not receive protection for.

### 3. Age Discrimination

Under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634, it is "unlawful for an employer . . . to fail or refuse to hire . . . any individual [who is at least 40 years of age but less than 70] . . . because of such individual's age." 29 U.S.C. §§ 623(a), 631(a). The elements of a prima facie case alleging failure to hire are similar to those for alleging discriminatory termination. A failure to hire claim that is premised upon intentional discrimination requires a showing that the plaintiff (1) was a member within the protected class of individuals between forty and seventy years of age; (2) applied for a position for which she was qualified; (3) was rejected; and (4) that the position was filled with a younger person with similar qualifications. See Cotton v. City of Alameda, 812 F.2d 1245, 1247 (9th Cir.1987).

Plaintiff's claim for age discrimination is vague and conclusory. She claims she was not allowed to submit an application for employment, and that the position was given to one of the court employee defendants, but she has not set forth facts alleging each of the prima facie factors, including whether she was of sufficient age to be entitled to protection under the ADEA, nor whether she was qualified for the position. Again, if plaintiff decides to pursue this claim, she will be required to plead sufficient facts to set forth a prima facie case of discrimination.

### 4. American's with Disabilities Act

To establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability. See Weinreich v. Los Angeles County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir.1997).

Plaintiff fails to indicate what title of the ADA she claims the defendants violated, but the court is assuming she intended to set forth a Title II violation. She again, however, fails to plead sufficient facts to state a prima facie violation. Not only does she fail to plead what disability she has to qualify her for ADA protection, she fails to set forth what services, programs or activities she was excluded from. She does mention the need for a cane or wheelchair, but use of such equipment is unclear. If she decides to pursue this claim, she will similarly need to plead sufficient facts as to her disability, and how she was excluded or discriminated against specifically.

### 5. State Law Claims

Finally, plaintiff alleges a variety of state law violations. As she has not sufficiently plead violation of any Federal law, the court need not exercise its supplemental jurisdiction over these claims at this time. If plaintiff successfully identifies which claims she wishes to proceed on, and successfully files a complaint which sufficiently states a claim, she may also attempt to include those state law claims that are related to the Federal claims she

chooses to proceed on.

## VI. CONCLUSION

The factual statements in plaintiff's complaint are simply too vague and conclusory for the court to determine whether this action is frivolous, fails to state a claim for relief, or if this court has jurisdiction over her claims. Either way, the court has determined that the complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedures 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. See Jones v. Comty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support her claim, and how those act violated her rights. See id. Because plaintiff has failed to comply with the requirements of Rule 8(a)(2), the complaint must be dismissed. However, as it appears possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must decide which of the claims raised in the original complaint and discussed herein she wishes to proceed with. Pursuant to Rule 21, if plaintiff continues to attempt to proceed on unrelated claims against unrelated parties, the court may dismisses unrelated defendants and/or sever any claim against a

14

party.  Plaintiff must also demonstrate how the conditions or treatment complained of have resulted in a deprivation of her constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED:  February 12, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE