IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA A. McCOLM,                                     No. 2:12-cv-1984-MCE-CMK

      Plaintiff,

  vs.                                                             ORDER

TRINITY COUNTY, et al.,

      Defendants.

_____ /

      Plaintiff, proceeding pro se, brings this civil action. Pending before the court is plaintiff's third motion for an extension of time to file an amended complaint (Doc. 18) and motion for the appointment of counsel (Doc. 19).

      Plaintiff's original complaint was dismissed with leave to amend in March 2016. Thus far, plaintiff has had over six months to file her amended complaint. The court is aware that plaintiff is attending to numerous medical issues. However, the court is not able to extend the time for plaintiff to file an amended complaint indefinitely. Her request for additional time will be granted. However, plaintiff was provided specific information on what was required in order to state a claim in an amended complaint. Six months in which to follow that direction, even given plaintiff's medical issues, does not appear to be unreasonable. The court will not be

inclined to grant any additional time to complete and file an amended complaint. Plaintiff is again warned that failure to file an amended complaint within the time provided may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

Within plaintiff's motion for additional time, she provided the court with medical records to support her showing of good cause. She has requested these documents be sealed and not available to the public as they contain private and confidential medical information. This request will be honored, and the Clerk of the Court will be directed to seal the exhibits to her motion.

Finally, plaintiff has filed a second request for the appointment of counsel. Plaintiff's original request was denied without a finding of exceptional circumstances. The undersigned finds no change in that analysis. As the court previously stated, a plaintiff in a civil case generally has no right to appointed counsel. See Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir. 1989); United States v. 30.64 Acres, 795 F.2d 796, 801 (9th Cir. 1986). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

The exceptional circumstances analysis has not changed. At this stage of the proceedings, it does not appear that plaintiff has any likelihood of success on the merits as she has not been successful in filing a complaint which states a claim. While plaintiff indicates an attorney would be better able to articulate her claims, there is an underlying requirement that she be able to show a likelihood of success on the merits. Here, where a number of the defendants

she named in the original complaint are immune from suit, and the remainder of her claims were so vague and conclusory the court could not well evaluate them, she has not shown any likelihood of success on the merits.  Plaintiff also claims her medical condition precludes her from litigating this action on her own.  However, as the court previously found, she appears capable of articulating her claims as her pleadings are sufficiently legible and articulate.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Plaintiff's motion for an extension of time to file an amended complaint (Doc. 18) is granted;

   2. Plaintiff shall file an amended complaint within 90 days of the date of this order;

   3. Plaintiff's request to seal the exhibits to her motion is granted;

   4. The Clerk of the Court is directed to seal the exhibits attached to her motion for an extension of time (Doc. 18); and

   5. Plaintiff's motion for appointment of counsel (Doc. 19) is denied.

DATED:  September 22, 2016

                     _____
                     **CRAIG M. KELLISON**
                     UNITED STATES MAGISTRATE JUDGE