IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. McCOLM, | No. 2:12-cv-1984-MCE-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| TRINITY COUNTY, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, proceeding pro se, brings this civil action. Pending before the court is plaintiff's fourth motion for an extension of time to file an amended complaint (Doc. 22).

      Plaintiff's original complaint was dismissed with leave to amend in March 2016. Thus far, plaintiff has had over ten months to file her amended complaint. The court is aware that plaintiff is attending to medical issues and has reviewed the letter dated November 30, 2016, submitted with her latest request for extension of time. However, as plaintiff was previously informed, the court is not able to extend the time for her to file an amended complaint indefinitely. Ten months in which to filed an amended complaint, for which she was provided specific direction on what was required to state a claim, even given plaintiff's medical issues, does not appear to be unreasonable. Plaintiff was put on notice in the court's order (Doc. 20) of

1

1 September 22, 2016, that the court would not be inclined to grant any additional time to complete
2 and file an amended complaint.  Plaintiff was ordered to file an amended complaint on or before
3 December 21, 2016.  To date, no amended complaint has been filed.

4        Plaintiff was warned that failure to file an amended complaint may result in
5 dismissal of this action for lack of prosecution and failure to comply with court rules and orders.
6 See Local Rule 110.  To date, plaintiff has not complied.

7        The court must weigh five factors before imposing the harsh sanction of
8 dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
9 U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
10 interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
11 the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
12 their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
13 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
14 appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
15 See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
16 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
17 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
18 comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
19 1260-61 (9th Cir. 1992).

20        Having considered these factors, and in light of plaintiff's failure to file an
21 amended complaint as directed, the court finds that dismissal of this action is appropriate.

22        Based on the foregoing, the undersigned recommends that this action be
23 dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and
24 orders.

25        These findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 12, 2017

_____  
**CRAIG M. KELLISON**  
UNITED STATES MAGISTRATE JUDGE