UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. McCOLM, | No. 2:12-cv-1984-MCE-CMK |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| TRINITY COUNTY, et al., | |
| Defendants. | |

On June 22, 2017, the Court, adopting the Findings and Recommendations of the Magistrate Judge (ECF No. 24), denied Plaintiff's request for additional time to file an amended complaint, and dismissed the action without prejudice for lack of prosecution and failure to comply with Court rules and orders. ECF No. 28. Presently before the Court is Plaintiff's Motion for Reconsideration of that Order, filed on July 20, 2017. ECF No. 30. Plaintiff argues that new evidence of her medical condition that was not discovered until after the Magistrate Judge issued his Findings and Recommendations on January 12, 2017, warrants that this Court reconsider its June 23, 2017 Order and grant her another extension to file an amended complaint.

For the following reasons, Plaintiff's Motion is GRANTED. Plaintiff is hereby given sixty (60) days from the date of electronic filing of this Order to file an amended complaint. Plaintiff is cautioned that no further extensions will be granted.

1

## BACKGROUND

Plaintiff filed her complaint on July 30, 2012. ECF No. 1. That same day, Plaintiff filed a Notice of Intent to Amend. ECF No. 3. On February 12, 2016, the Magistrate Judge issued an order dismissing Plaintiff's complaint with leave to amend, and ordering that Plaintiff file an amended complaint within 30 days. ECF No. 11. On March 2, 2016, Plaintiff filed a Motion requesting a 60-day extension of time to file objections to the Magistrate Judge's February 12, 2016 order; the Magistrate Judge granted this Motion in part, allowing her a 30-day extension because it found Plaintiff had not sufficiently explained her need for a longer 60-day extension. ECF Nos. 12, 13. Plaintiff next filed an Emergency Motion for Extension of Time to Amend/Comply with Order on April 11, 2016, requesting an extension of "at least 180 days" through September 15, 2016, to allow her to file her amended complaint due to her medical condition. ECF No. 14. On August 5, 2016, the Magistrate Judge granted Plaintiff's requested extension through September 16, 2016, ordering that she file her amended complaint by that date. ECF No. 17.

On September 8, 2016, Plaintiff filed another Emergency Motion for Extension of Time to Amend/Comply with Order, requesting an extension of at least 90 days to file her amended complaint. ECF No. 18. The Magistrate Judge granted this 90-day extension in an order dated September 22, 2016. ECF No. 20. On December 19, 2016, Plaintiff then filed a Motion requesting another 60-day extension to file the amended complaint. ECF No. 22. In response to this Motion, the Magistrate Judge issued the January 12, 2017, Findings and Recommendations ("F&Rs"). ECF No. 24. Therein, the Magistrate Judge recommended dismissal of the case for "lack of prosecution and failure to comply with court rules and orders." Id. at 2. The F&Rs were submitted to this Court.

Plaintiff then filed an Emergency Motion for Extension of Time on January 18, 2017, requesting an extension of at least 36 days to allow Plaintiff to object to the F&Rs. ECF No. 25. The Magistrate Judge granted this extension on January 25, 2017. ECF

No. 26.  On February 28, 2017, Plaintiff filed what was styled as a Request for Reconsideration, laying out Plaintiff's objections to the Magistrate Judge's F&Rs.  ECF No. 27.  That filing was construed by this Court as objections to the F&Rs, and on June 23, 2017, this Court issued an order adopting the Magistrate Judge's F&Rs in full, denying Plaintiff's requests for additional time to file an amended complaint, and dismissing the case without prejudice for lack of prosecution and failure to comply with Court orders and rules.  ECF No. 28.  Judgment was entered the following day.

Plaintiff then filed the present Motion for Relief from Judgment on July 20, 2017, presenting new evidence of her medical condition that was not previously available. ECF No. 30.  Plaintiff presented medical evidence in ECF Nos. 32, 33, and 34, all of which were filed under seal.  The Court now considers these documents in conjunction with Plaintiff's present Motion for Reconsideration.

**STANDARD**

A motion for reconsideration is properly brought pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b).  Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989). A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after judgment.  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  A motion may be construed as a Rule 59 motion even though it is not labeled as such, or not labeled at all.  Taylor, 871 F.2d at 805.  Since this motion is seeking reconsideration of a final judgment and was timely filed, the Court will treat it as a Rule 59(e) motion.

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988).  This principle is embodied in the law of the case doctrine, under which "a court

is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) permits a district court to reconsider and amend a previous order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)). Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 59(e). Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Finally, motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

In order to succeed, a party making a motion for reconsideration pursuant to Rule 59(e) must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL 2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on

other grounds, 828 F.2d 514 (9th Cir. 1987)). A motion for reconsideration should not be used to raise arguments or present evidence for the first time when the arguments or evidence could reasonably have been raised earlier in the litigation. 389 Orange St. Partners, 179 F.3d at 665.

Furthermore, "courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also Taylor, 871 F.2d at 805. This position stems from the district courts' "concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp at 1009 (internal citations omitted). Rule 59(e) and motions for reconsideration are therefore not intended to "give an unhappy litigant one additional change to sway the judge." Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting Durkin v. Taylor, 444 F. Supp. 226, 233 (N.D. Ohio 1967)).

**ANALYSIS**

As discussed in the previous section, new evidence that could not have reasonably been discovered before the final judgment can warrant a party's relief from that judgment. Here, Plaintiff has provided under seal certain medical records and doctor's notes from appointments that occurred after the Magistrate Judge issued his F&Rs and after Plaintiff filed objections to those F&Rs, but before this Court adopted the F&Rs and ordered Plaintiff's case dismissed. Although not all of these documents are from the time period between the Magistrate Judge's F&R issuance and this Court's Order adopting the F&Rs, there is enough documentation in what Plaintiff does provide for that time period to warrant one final extension to file her amended complaint. The doctor's notes from the appropriate time period show that Plaintiff's condition
///

considerably worsened during that time, such that it became more physically difficult for her to sit at a computer to write her complaint.

Because this evidence of Plaintiff's worsening medical condition was not available to the Court when it adopted the F&Rs, one final extension of time is justified for Plaintiff to complete her amended complaint, and Plaintiff will have sixty (60) days to do so. However, Plaintiff is warned that no further extensions will be granted.

**CONCLUSION**

For the above reasons, Plaintiff's Motion for Reconsideration is GRANTED. Plaintiff is ordered to file an amended complaint within sixty (60) days of the filing of this order. Plaintiff is warned that <u>no further extensions</u> will be granted. If no amended complaint is filed within sixty (60) days, this action will be dismissed without further notice to the parties.

IT IS SO ORDERED.

Dated: March 28, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE