1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     PATRICIA A. McCOLM,                          No.  2:12-cv-01984 MCE AC PS

12                     Plaintiff,

13            v.                                     FINDINGS AND RECOMMENDATIONS

14     TRINITY COUNTY, et al.,

15                     Defendants.

16

17            Plaintiff is proceeding pro se, and the action is accordingly referred to the magistrate

18     judge by E.D. Cal. R.  302(c)(21).  Plaintiff was previously granted leave to proceed in forma

19     pauperis ("IFP") pursuant to 28 U.S.C. § 1915.  ECF No. 6.  Plaintiff's initial complaint was

20     dismissed with leave to amend by Magistrate Judge Craig M. Kellison on February 12, 2016.

21     ECF No. 11.  Following several extensions of time at the request of plaintiff, Magistrate Judge

22     Kellison recommended dismissal of plaintiff's case for lack of prosecution on January 12, 2017.

23     ECF No. 24.  The recommendation was adopted by District Judge Morrison C. England on June

24     23, 2017, and the case was closed.  ECF No. 28.  On March 29, 2018, Judge England granted

25     plaintiff's request for reconsideration, and re-opened the case on the basis of newly-presented

26     medical records that indicated plaintiff had a medical condition that prevented her from timely

27     filing an amended complaint.  ECF No. 37 at 6.  Plaintiff was given 60 days to file an amended

28     complaint (making it due May 28, 2018), with the warning that no further extensions of time

                                                    1

1    would be granted.  Id.  Plaintiff filed her first amended complaint on May 30, 2018.  ECF No. 38.

2    The case was reassigned to the undersigned on January 31, 2019.  ECF No. 19.[1]  The First

3    Amended Complaint is now before the court for screening.

4                                                     I.  SCREENING

5           A determination that a plaintiff qualifies financially for in forma pauperis status does not

6    complete the inquiry required by the statute.  The federal IFP statute requires federal courts to

7    dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

8    relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

9    28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether or not the

10   complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of

11   Civil Procedure ("Fed. R. Civ. P.").  Under the Federal Rules of Civil Procedure, the complaint

12   must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the

13   reason the case is filed in this court, rather than in a state court), (2) a short and plain statement

14   showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and

15   (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth

16   simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).

17          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

18   Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

19   court will (1) accept as true all of the factual allegations contained in the complaint, unless they

20   are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

21   plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von

22   Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.

23   denied, 564 U.S. 1037 (2011).

24   ////

---

25   [1]  Following reassignment, plaintiff filed a document captioned "Objections to Assignment of
26   Magistrate Judge 'For All Purposes,'" noting that she had previously declined consent to
     magistrate judge jurisdiction.  ECF No. 42.  Plaintiff is informed that magistrate judge assignment
27   encompasses only those purposes contemplated by Local Rule 302(c)(21), and does not mean that
     the magistrate judge is the presiding judge.  U.S. District Judge England remains the judge
28   ultimately responsible for dispositive decisions in this case.

1    The court applies the same rules of construction in determining whether the complaint

2    states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

3    must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

4    construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a

5    less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520

6    (1972). However, the court need not accept as true conclusory allegations, unreasonable

7    inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618,

8    624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice

9    to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

10   556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must

11   allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at

12   570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

13   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

14   Iqbal, 556 U.S. at 678.

15         A pro se litigant is entitled to notice of the deficiencies in the complaint and an

16   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

17   Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as

18   stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

19                                    II.  THE COMPLAINT

20         The First Amended Complaint ("FAC") is 123 pages long (including 41 pages of

21   exhibits), and contains allegations against numerous defendants, including the Superior Court of

22   California, the Trinity County Office of the District Attorney, several judges, the Trinity County

23   Office of the Sherriff, and California Highway Patrol. ECF No. 38; id. at 1-2. Plaintiff asserts

24   thirteen causes of action, including malicious prosecution pursuant to 42 U.S.C. § 1983, infliction

25   of emotional distress, conspiracy, assault and battery, violations of the Fair Employment and

26   Housing Act, and violations of the Americans with Disabilities Act. Id. at 49-79.

27         Plaintiff alleges that the action arises out of "retaliatory protectionism" amongst the many

28   named defendants. Id. at 2. Plaintiff is a "senior citizen" over the age of 40 with several graduate

1  degrees. <u>Id.</u> at 5. Plaintiff uses a wheelchair and has a hearing decision from an Administrative

2  Law Judge which determined a "power wheelchair" is medically necessary. <u>Id.</u> Plaintiff alleges

3  that she has been mistreated by the above defendants in a great many ways, all apparently related

4  to her activities in the Trinity County Superior Court. She claims that the judges and court

5  employees have harassed her, made it difficult for her to access the court and to file documents,

6  instigated charges being brought against her, and failed to accommodate her disabilities.

7  III. ANALYSIS

8  The court notes at the outset that the First Amended Complaint was filed two days late,

9  after previous lengthy delays. In the interests of justice, however, the court will overlook the late

10  filing. Having conducted a thorough review of the FAC, the undersigned concludes for the

11  reasons explained below that plaintiff has not stated any claim upon which relief can be granted.

12  The FAC does not cure any of the pleading errors addressed in detail by Judge Kellison's

13  initial Findings and Recommendations. <u>See</u> ECF No. 11. First, as Judge Kellison explained in

14  2016, plaintiff cannot bring multiple unrelated claims against unrelated defendants in the same

15  action. ECF No. 11 at 4. Under Rule 20(a)(2), a plaintiff may only sue multiple defendants in the

16  same action if at least one claim against each defendant arises out of the same "transaction,

17  occurrence, or series of transactions or occurrences" and there is a "question of law or fact

18  common to all defendants." As with the original complaint, plaintiff's FAC includes over thirty

19  defendants and alleges a series of disconnected and mostly unrelated facts. <u>See</u> ECF No. 38. The

20  allegations do not involve the same transaction or occurrence. This defect requires dismissal on

21  screening.

22  Second, Judge Kellison informed plaintiff that to state a claim under 42 U.S.C. § 1983, the

23  complaint must allege an actual connection or link between the actions of the named defendants

24  and the alleged deprivations of constitutional rights. ECF No. 11 at 4; <u>see</u> <u>Monell v. Dep't of</u>

25  <u>Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). Plaintiff was also

26  informed that supervisory personnel are generally not liable under § 1983 for the actions of their

27  employees. <u>Id.</u>; <u>see</u>, <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

28  respondent superior liability under § 1983). Plaintiff has failed to correct these deficiencies. For

4

1  example, she sues defendant Bruce Haney asserting that he is responsible for the policy,

2  procedure, and conduct of his employees.  ECF No. 38 at 10.  Plaintiff's specific claims against

3  each defendant are difficult to decipher.  Many of the alleged misdeeds of defendants appear

4  unrelated to plaintiff.  For example, plaintiff alleges that at the request of defendant Judge

5  Edwards, defendant Gaul acted to prevent "public gossip and ridicule" against Judge Edwards by

6  removing a declaration from his wife from the public file in Judge Edwards' divorce case.  Id. at

7  19.  Plaintiff's FAC fails to connect the actions of specific defendants to actual deprivations of

8  her rights, as is required by §1983.  This defect also requires dismissal on screening.

9  Finally, most of the named defendants are absolutely immune from suit.  Plaintiff may not

10  maintain § 1983 claims against individual judges.  See Stump v. Sparkman, 435 U.S. 349, 356-57

11  (1978).  The County District Attorney's Office and its prosecutors are also immune from suit.

12  See Imbler v. Pachtman, 424 U.S. 409 (1976); Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D.

13  Cal. 1984).  The Eleventh Amendment bars plaintiff's claims against the California Highway

14  Patrol and the superior court, which are state agencies.  See Simmons v. Sacramento County

15  Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003).  Eleventh Amendment immunity also bars

16  plaintiff's damages claims against various state officials in their official capacities.  See

17  Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995).  The court is obliged to dismiss actions

18  that seek monetary relief from defendants who are immune from such relief.  28 U.S.C. §

19  1915(e)(2).  These claims cannot be cured by amendment.

20  Ordinarily, pro se plaintiffs are given the opportunity to amend a deficient complaint.

21  Noll, 809 F.2d at 144.  In this case, plaintiff has already had the opportunity to amend.  ECF No.

22  11.  Following an unusual amount of delay, plaintiff submitted an FAC that failed to cure several

23  fundamental deficiencies of the original complaint.  Large portions of the FAC are barred by

24  various immunities and cannot be cured by amendment.  As to the putative claims that are not

25  absolutely barred, plaintiff has demonstrated her inability to follow the Rules of Civil Procedure

26  and the pleading standards explained by the court.  In light of the circumstances of this case, it is

27  clear to the undersigned that further leave to amend would be futile and would unjustly delay the

28  ////

conclusion of this already seriously delayed case.  Accordingly, the undersigned recommends

dismissal without further leave to amend.

## IV.  CONCLUSION

In accordance with the above, IS HEREBY RECOMMENDED that the First Amended

Complaint should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

after being served with these findings and recommendations, plaintiff may file written objections

with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations."  Plaintiff is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

(9th Cir. 1991).

IT IS SO ORDERED.

DATED: March 20, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE