UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. McCOLM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRINITY COUNTY, et al.,<br><br>　　　　　Defendants. | No. 2:12-cv-01984 MCE AC<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion to vacate the undersigned's order disregarding plaintiff's post-judgment motion to amend, which advised plaintiff that because the case is closed, no further filings would be considered. ECF No. 57. Plaintiff is proceeding in this matter pro se, and accordingly this motion was referred to the undersigned pursuant to Local Rule 302(c)(21). In the request, plaintiff clarifies that her "motion to amend" is in fact a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. For the reasons that follow, plaintiff's motion to vacate (ECF No. 57) is GRANTED and the undersigned recommends plaintiff's motion for relief from judgment (ECF No. 55) be DENIED.

**I.　RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Plaintiff's initial complaint was dismissed with leave to amend by Magistrate Judge Craig M. Kellison on February 12, 2016. ECF No. 11. Following several extensions of time at the request of plaintiff, Magistrate Judge Kellison recommended dismissal of plaintiff's case for lack

1

of prosecution on January 12, 2017. ECF No. 24. The recommendation was adopted by District Judge Morrison C. England on June 23, 2017, and the case was closed. ECF No. 28. On March 29, 2018, Judge England granted plaintiff's request for reconsideration, and re-opened the case on the basis of newly-presented medical records that indicated plaintiff had a medical condition that prevented her from timely filing an amended complaint. ECF No. 37 at 6. Plaintiff was given 60 days to file an amended complaint (making it due May 28, 2018), with the warning that no further extensions of time would be granted. Id. Plaintiff filed her first amended complaint on May 30, 2018. ECF No. 38. The case was reassigned to the undersigned on January 31, 2019.

On March 20, 2019, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). After a review of the First Amended Complaint ("FAC"), the court determined that plaintiff's case required dismissal because the FAC failed to state a claim upon which relief could be granted. ECF No. 43 at 4. The undersigned noted that the FAC did not cure any of the pleading errors addressed in detail by Judge Kellison's initial Findings and Recommendations. Id. The undersigned recommended dismissal without leave to amend, finding amendment would be futile. Id. at 5. The findings and recommendations were adopted, and judgment was entered, on October 15, 2019. ECF Nos. 53, 54.

## II. THE MOTION

On November 12, 2019, plaintiff filed a motion "to alter or amend order of dismissal," which sought leave to file a second amended complaint and appointment of counsel. ECF No. 55. The motion states that it is being brought pursuant to Fed. R. Civ. P. 59(e) and 60(b)(1)(2)(6). Id. Misconstruing the motion as simply a motion to file a second amended complaint, the court issued an order in error disregarding plaintiff's motion. ECF No. 56. On November 18, 2019, plaintiff filed a motion to vacate that order. ECF No. 57. Finding plaintiff is correct that the original "motion to amend" should have been addressed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60, the court GRANTS plaintiff's motion at ECF No. 57 and considers the motion to amend (ECF No. 55) on the merits as a motion under Rule 60.

////

////

2

### III. ANALYSIS

Rule 60(b) provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged. Id. The final provision of Rule 60(b) permits courts to grant relief "whenever such action is appropriate to accomplish justice." Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012) (citations and internal quotation marks omitted). The moving party must show that "extraordinary circumstances" warrant relief. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863–64 (1988).

The court has reviewed the substance of plaintiff's motion to amend (ECF No. 55) on its merits and in its entirety. Plaintiff argues that the court made false findings that defendants were immune from suit, and that the court's findings that plaintiff was unable to meet the rules and standards of the court resulted in a miscarriage of justice and a failure to accommodate under the Americans with Disability Act. ECF No. 55 at 2-3. Plaintiff argues that the court's failure to appoint counsel is a failure under the Americans with Disabilities Act and related California statutes. Id. at 3-4. Plaintiff argues that an acute injury suffered April 26, 2019 caused her to need additional time for filings. Id. at 5.

Plaintiff's arguments are rejected for several reasons. As to relief under Rule 60(b)(2), plaintiff's arguments fail because her motion presents no newly discovered evidence. Plaintiff's arguments that her injuries and disabilities caused her untimeliness and that the undersigned made improper rulings on immunity were already briefed in her objections to the undersigned's Findings and Recommendations. See ECF No. 49. Accordingly, the District Judge in this matter already considered the arguments (including the April 26th injury) and rejected them in adopting, over plaintiff's objections, the Findings and Recommendations and issuing judgment. ECF No.

3

53, 54.  Plaintiff does state that she desires to file "new medical exhibits under seal" but she does not identify how these new medical exhibits would alter the outcome or whether they differ in any way from the exhibits she submitted under seal with her objections and which the District Judge considered.  ECF No. 51, 52.  Insofar as plaintiff's motion is based on "newly discovered evidence," it fails because she presents no such evidence.  ECF No. 55.

Plaintiff's motion, insofar as it is brought pursuant to the "mistake, inadvertence, surprise, or excusable neglect" clause and the "any other reason" clause of Rule 60(b), fails to identify any grounds for vacating the judgment, let alone "extraordinary circumstances."  Liljeberg, 486 U.S. 847, 863–64 (1988).  First, plaintiff's argument regarding appointment of counsel is meritless.  In "civil actions for damages, appointment of counsel should be allowed only in exceptional cases," it is a privilege and not a right, and it is within the court's discretion.  U. S. ex rel. Gardner v. Madden, 352 F.2d 792, 793-94 (9th Cir. 1965).  Plaintiff cites no authority for the proposition that the Americans with Disabilities Act entitles her to appointed counsel, and the court is aware of none.  See, e.g., ECF No. 55 at 15-16.

Further, while plaintiff's motion focuses on her argument that the undersigned improperly found certain defendants immune, she fails to address another basis for dismissal of her case: that even after an opportunity to amend and with specific instructions, plaintiff failed to connect specific defendants to specific deprivations of rights to support to her claims under 42 U.S.C. §1983.  ECF No. 43 at 4-5.  Nor did plaintiff address the Findings and Recommendations with respect to her failure to comply with Fed. R. Civ. P. 20(a) by suing multiple defendants for unrelated claims in a single case.  Id. at 4.  Each of these reasons alone was sufficient for dismissal.  Id. at 5.  Even if the undersigned were to find the analysis on immunity was flawed (which she does not), it would not affect the determination that judgment was properly issued against plaintiff in this case.

## IV. CONCLUSION

For the reasons stated above, the undersigned GRANTS plaintiff's motion at ECF No. 57. Further, the undersigned RECOMMENDS denial of plaintiff's motion to amend (ECF No. 55), which is construed as a motion for relief from judgment.

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 21, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE